UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CORY ROBERTS,

        Plaintiff,

    v.

JOSEPH LEHMAN *et al*.,

        Defendants.

Case No.  C05-5252RBL

REPORT AND RECOMMENDATION

**NOTED FOR**
**October 14th, 2005**

      This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  On June 29th, 2005 the court ordered plaintiff to amend the complaint in this action. (Dkt. # 10).  To date plaintiff has not complied and the court now recommends dismissal of this action for failure to obey a court order.

### FACTS

      Plaintiff was an inmate serving a sentence with the state Department of Corrections.  When plaintiff was released from the Department of Corrections he was detained for civil commitment as a sexually violent predator by the Department of Social Health Services.  Plaintiff does not inform the court of when he claims he should have been released or when he was released. (Dkt. # 5).

      The original complaint contains several pages of legal argument that are not properly part of a

complaint, (Dkt. # 5), and plaintiff was ordered to amend. (Dkt. # 10). He has failed to comply with that order.

## DISCUSSION

A court has inherent authority to dismiss actions where parties fail to comply with orders of the court. Here, plaintiff filed a form complaint that violates Federal Rule of Civil Procedure 8 (a). He was ordered to file an amended complaint and he has not done so. Accordingly, this action should be dismissed.

## CONCLUSION

This action should be dismissed for failure to file an amended complaint when ordered by the court to do so. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 14th, 2005**, as noted in the caption.

DATED this 19th day of September, 2005.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2